UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOONBEAM CAPITAL
INVESTMENTS, LLC, and THE
TRAVELERS INDEMNITY
COMPANY, as subrogee of
Moonbeam Capital Investments,
LLC,

        Plaintiffs,

v.

INTEGRATED
CONSTRUCTION SOLUTIONS,
INC.

        Defendant.
_____/

Case No. 2:18-cv-12606
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### ORDER DENYING DEFENDANT INTEGRATED CONSTRUCTION SOLUTIONS INC.'S MOTION TO COMPEL PRODUCTION OF THE MIRROR AND WALL CLEAT AT THE LOSS LOATION (DE 15) AND CANCELLING HEARING NOTICED FOR MARCH 25, 2019 (DE 21)

Currently before the Court is Defendant Integrated Construction Solutions Inc.'s (ICS) February 1, 2019 motion to compel production of the mirror and wall cleat at the loss location, which has been referred to me, Plaintiffs' response in opposition, and Defendant's reply. (DEs 15, 18, 19, 20.) This motion initially was set for hearing on March 25, 2019 at 10:00 a.m. (DE 21.) However, pursuant to E.D Mich. LR 7.1(f)(2), this motion will be determined without oral argument.

I. **Background**

According to the Complaint, this matter arises out of a February 16, 2017 claimed water loss at the Farmington Hills Radisson Hotel operated by Plaintiff Moonbeam Capital Investments, LLC (Moonbeam) and insured by Plaintiff Travelers Indemnity Company (Travelers). (DE 1 ¶¶ 9, 14-16.) Defendant ICS had performed certain construction services at the hotel, including renovation of certain bathrooms. (*Id.* ¶¶ 10-13.) Plaintiffs allege that the water loss occurred when a wall mirror installed by ICS in the bathroom of Room 239 fell off the wall and severed a water line underneath it, causing severe water damage. (*Id.* ¶ 14.) Plaintiff clams that ICS was negligent in using a damaged cleat to install the mirror, failing to properly seat the mirror on the cleat, and failing to allow adequate clearance between lighting fixtures and the mirror, among other things. (*Id.* ¶ 22.)

II. **The Instant Motion to Compel**

A. **Defendant ICS's motion to compel (DE 15)**

Defendant ICS filed a motion to compel Plaintiffs to "produce the mirror and all of its related parts, including the cleats and all screws, etc. for inspection in the bathroom of room 239 of the hotel within 21 days[,] and [to] order that [P]laintiffs pay the costs, including reasonable attorney fees, for ICS having to file

2

this motion." (DE 15 at 11-12.)[1] ICS states that it has requested production of the mirror and cleat in its discovery requests, and its attorney "requested the inspection of the mirror in the bathroom of room 239 of the hotel on multiple occasions" by letter and email. (*Id.* at 2-3, citing DEs 15-3 at 5 and 15-5 at 2-3.)

    **B.**    **Plaintiffs' response (DE 18)**

Plaintiffs respond that ICS has already conducted two inspections, with its experts, of the hotel room and the evidence involved in the loss, including the mirror and cleat, on February 17 and 28, 2017, and now seeks to compel a third inspection. (DE 18 at 10-11.) However, ICS had never served a Fed. R. Civ. P. 34(b)(1)(A) written request for entry onto the property. (*Id.* at 13.) Rather, ICS's discovery requests only sought production of the mirror and wall cleat "for inspection," and counsel for ICS only made informal requests to enter the hotel property for an inspection. (*Id.*) Plaintiffs state that the subject mirror and wall cleat are in Traveler's evidence storage facility in Connecticut, and they seek a protective order limiting an inspection of the mirror and cleat to observations, photographs and measurements of the mirror and cleat at that facility in

---

[1] The Court questions whether Defendant sufficiently sought concurrence pursuant to E.D. Mich. LR 7.1(a) and my Practice Guidelines prior to filing the instant motion. (See DE 15 at 3.) Because this motion was fully briefed at the time it was referred to me, the Court will address it. However, going forward, the parties must ensure they comply with the requirements of LR 7.1(a) prior to filing any motion.

3

Connecticut. (*Id.* at 23.) And, to the extent a re-inspection of Room 239 is permitted, Plaintiffs request that the inspection be limited to a non-destructive, observation-only inspection, limited to photographs and measurements but no removal or alteration of any aspect of the room, and in the presence of Plaintiffs' counsel and experts. (*Id.* at 22-23.)

### C. ICS's reply (DE 19)

ICS filed a reply brief in which it states that it did not agree to store the mirror and its component parts in Connecticut, and that the mirror should have been stored at the hotel in Farmington Hills, Michigan. (DE 19 at 2-3.) ICS further contends that it did not have the opportunity to conduct full prior inspections because those inspections were conducted before Plaintiffs filed their complaint, and thus ICS did not have full knowledge of Plaintiffs' claims. (*Id.* at 4-5.) Finally, ICS argues that the instant motion is not "procedurally premature" because it twice asked for inspection of the mirror in written discovery requests, and subsequently "clarified that these requests were for inspection of the mirror in the specific location where the loss is claimed to have occurred." (*Id.* at 5-6.) "But to the extent that plaintiffs' [sic] claim that a separate FRCP 34 request is necessary, one has been served on plaintiffs [on February 21, 2019], which they will again deny." (*Id.*, citing DE 19-7.)

## III. Analysis

### A. ICS's motion to compel Plaintiffs to produce the mirror and cleat in the bathroom of room 239 of the hotel is denied as premature

ICS seeks an order, pursuant to Fed. R. Civ. P. 34 and 37, compelling Plaintiffs "to produce the mirror and all of its related parts, including the cleats and all screws, etc. for inspection *in the bathroom of room 239 of the hotel* within 21 days[.]" (DE 15 at 11-12 (emphasis added).) In support of its motion, ICS relies on the following Rule 34 request to inspect, and Plaintiffs' response:

> 13. In regard to the mirror alleged in paragraph 14 of the plaintiffs' complaint and the wall cleat alleged in paragraph 22 of the plaintiffs' complaint, please produce them for inspection.
>
> **ANSWER:** The mirror and wall cleat have already been made available to Defendant, its insurer and expert. They are currently stored at the Travelers' laboratory in Connecticut *and will be made available for Defendant's inspection there on a mutually convenient date*.

(DE 15 at 2-3; DE 15-3 at 5 (emphasis added).)[2] Plaintiffs thus have agreed to make the mirror and wall cleat available for inspection, as requested, where they have been stored in the ordinary course of business since March 2017. However, ICS objects to traveling to Connecticut to inspect the mirror and cleat and argues

---

[2] In its reply, ICS also refers to an additional request to "produce the mirror you alleged fell in room 239 and all of its associated or component parts of that mirror, including the wall cleat." (DE 19 at 5; DE 19-5 at 3.) Plaintiffs objected to that request as "duplicative of Request for Production 13," and again stated that the mirror and wall cleat "are currently stored at the Traveler's laboratory in Connecticut and will be made available for Defendant's inspection there on a mutually convenient date." (DE 19-5 at 3.)

5

instead that both should be produced for inspection "in the bathroom of room 239 of the hotel." (DE 15 at 2-3.) However, ICS's discovery request does not include a request to inspect the mirror and wall cleat "in the bathroom of Room 239 of the hotel." ICS appears to rely on its *informal* requests, by letter and email, to inspect the mirror in the bathroom of room 239 of the hotel to argue that Plaintiffs should be compelled to allow inspection of the mirror and cleat in the hotel room at issue. (DE 15 at 3; DE 15-5 at 2-3.) However, "[w]hile [ICS's] informal discovery request may be expeditious, federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents." *Garrison v. Dutcher*, No. 1:07-cv-642, 2008 WL 938159, at *2 (W.D. Mich. Apr. 7, 2008) (citing cases, and refusing to compel production of medical records requested only by an informal letter request).

ICS did not serve a proper request pursuant to Fed. R. Civ. P. 34(a)(2) to inspect the mirror and its component parts "*in the bathroom of Room 239 of the hotel where the claimed loss occurred*" until February 21, 2019 (the same day it filed its reply brief in support of the instant motion). (DE 19-7.) Plaintiffs' response to that request is not due until March 25, 2019. *See* Fed. R. Civ. P. 34(b)(2)(A). Under Fed. R. Civ. P. 37(a)(3), a motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request under the Federal rules. *Davis-Hussung v. Lewis*, No. 14-14964, 2015 WL

6

5546995, at *1 (E.D. Mich. Aug. 31, 2015) ("A motion to compel is not timely until a discovery request has been tendered *in accordance with [the federal rules]* and that request has either (1) [] not been responded to despite the passing of the deadline for response; or (2) responded to in a way that leads the requesting party to believe the response is insufficient.") (emphasis added) (Stafford, M.J.). Accordingly, a motion to compel ICS's February 21, 2019 discovery request is **DENIED as premature**. *See Nurse Notes, Inc. v. All State Ins. Co.*, No. 10-14481, 2011 WL 3862402, at *2-3 (E.D. Mich. Aug. 31, 2011) (denying as premature defendant's motion to compel filed before the 30-day time period to respond to the discovery request at issue) (Hood, C.J.).

### B. Plaintiffs will not be compelled to produce the mirror and cleat for inspection in Michigan

Plaintiffs have reasonably agreed to make the mirror and wall cleat requested in Request No. 13 available for inspection at Plaintiff Traveler's laboratory in Connecticut, where they have been stored by Traveler's since March 2017. (DE 15-3 at 5.) Plaintiffs will not be compelled to incur the time and expense to package and ship the mirror and wall cleat to Michigan for inspection. Plaintiffs have explained that ICS has twice inspected the evidence in Room 239 (specifically including the mirror and subject wall cleat) with its experts, including a full opportunity each time to observe, measure, inspect and photograph the

7

subject bathroom, mirror and cleat. (DE 18 at 10-11; DEs 18-2, 18-3, 18-4.) In addition, Plaintiffs state that they "have offered ICS the opportunity to separately non-destructively observe and photograph Room 239 and the mirror and cleats in their respective locations," but that ICS has rejected that offer. (DE 18 at 19-20.) The Court agrees with Plaintiffs that "[b]oth of these options amply satisfy ICS's requests and the necessary balancing act that must occur for Rule 34 inspections." (*Id.* at 20.) *See American Water Heater Co. v. Taylor-Winfield Technologies, Inc.*, No. 2:16-CV-125, 2018 WL 3339189, at *2 (E.D. Tenn. Jan. 23, 2018) ("Where the parties differ as to whether a test or inspection is appropriate, 'the court must balance the respective interests by weighing the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection.'") (quoting *Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012)).

Moreover, and particularly in light of prior inspections and measurements, the Court is not persuaded that "the only place for a proper inspection of the mirror and its cleat is in the bathroom." (DE 15 at 3.) Experts, using measurements and photographs, should be able to make all the calculations and demonstrations necessary for discovery and trial purposes. Accordingly, Defendant ICS's motion to compel, including its request for costs, is **DENIED**.

If the parties are able to work out an arrangement for inspection of the mirror, wall cleat and bathroom in Room 239 to their mutual satisfaction, then costs would necessarily need to shift to Defendant to pay for: (1) costs associated with shipping of the mirror and wall cleat to Michigan and return shipping to Connecticut, including packaging, shipping and insurance costs; (2) costs to take Room 239 out of service for the day of the inspection; and (3) costs associated with any destruction and/or repair to the mirror, walls, etc. of Room 239 as a result of ICS's inspection.

Finally, the hearing noticed for March 25, 2019 (DE 21) is **CANCELLED**.

**IT IS SO ORDERED.**

Dated: February 27, 2019          s/*Anthony P. Patti*
                                                Anthony P. Patti
                                                UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on February 27, 2019, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti