UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOONBEAM CAPITAL
INVESTMENTS, LLC, and THE
TRAVELERS INDEMNITY
COMPANY, as subrogee of
Moonbeam Capital Investments,
LLC,

Case No. 2:18-cv-12606
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

        Plaintiffs,

v.

INTEGRATED
CONSTRUCTION SOLUTIONS,
INC.

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT INTEGRATED CONSTRUCTION SOLUTIONS INC.'S MOTION TO COMPEL COMPLETE ANSWERS TO DISCOVERY (DE 22)

This matter came before the Court for consideration of Defendant Integrated Construction Solutions Inc.'s motion to compel complete answers to discovery (DE 22), Plaintiffs' response (DE 32), Defendant's reply (DE 33), and the parties' joint list of unresolved issues (DE 31). Judge Drain referred this motion to me for hearing and determination (DE 23), and a hearing was held on May 7, 2019, at which counsel appeared and the Court entertained oral argument regarding Defendant's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendant's motion to compel complete answers to discovery (DE 22) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. **Defendant's First Set of Interrogatories and Request for Production of Documents, Request Nos. 5(c), 6(c), 7(c) and 8(c), and Defendant's Second Interrogatories and Requests to Produce, Request No. 14:** These requests seek documents supporting Plaintiff's allegations in the Complaint. In response, Plaintiffs produced 745 photographs, among other documents, and then supplemented their responses by re-producing the photographs in five folders labelled by photographer and the date the photographs were taken. Defendant complains that the photographs were produced without identifying information for each photograph, such as the date, time and room/location of each photograph. Consistent with the requirement of Fed. R. Civ. P. 1 that the rules "should be construed, administered, and employed *by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added), and to avoid the need to conduct lengthy depositions to identify the photographs, Defendants' motion to compel these requests is **GRANTED IN PART** and Plaintiffs shall re-produce all photographs labelled with sufficient information to identify what is depicted in each photograph, on or before **May 21, 2019**. This requirement to provide sufficient identifying information for photographs applies equally to both parties throughout this litigation.

2. **Defendant's First Set of Interrogatories and Request for Production of Documents, Interrogatory No. 11:** This interrogatory seeks information regarding "any and all employees and subcontractors at the plaintiff's premises from 3:00 p.m. on 2/15/17 to 8:00 a.m. on 2/17/17." Plaintiffs have supplemented their response to this interrogatory but Defendant disputes the accuracy of Plaintiffs' response. For the reasons stated on the record, Defendant's motion to compel further response to this interrogatory is **DENIED**. The parties are reminded of their duty to

supplement, and correct if necessary, their discovery responses pursuant to Fed. R. Civ. P. 26(e)(1).

3. **Defendant's First Set of Interrogatories and Request for Production of Documents, Interrogatory No. 12, and Defendant's Second Interrogatories and Requests to Produce, Interrogatory Nos. 1, 3, 5 and 7:** These interrogatories seek information regarding who entered Room 239 from "3:00 p.m. on 2/15/17 to 8:00 a.m. on 2/17/17." Plaintiffs have supplemented their responses to these interrogatories but Defendant disputes the accuracy of Plaintiffs' responses. For the reasons stated on the record, Defendant's motion to compel further responses to these interrogatories is **DENIED**. Again, the parties are reminded of their duty to supplement, and correct if necessary, their discovery responses pursuant to Fed. R. Civ. P. 26(e)(1).

4. **Defendant's First Set of Interrogatories and Request for Production of Documents, Request No. 14:** This request seeks photographs or videos showing the condition of Room 239 on February 15 and 16, 2017, before and after the incident alleged in Plaintiff's complaint occurred. Defendant complains that Plaintiffs have not produced any video, despite statements that such video was taken by a hotel employee. Counsel for Plaintiffs stated that Plaintiffs have been unable to locate that video. Plaintiffs cannot be compelled to produce what they say they do not have. In light of Plaintiffs' representation, and for the reasons stated on the record, Defendant's motion to compel this request is **DENIED.**

5. **Defendant's First Set of Interrogatories and Request for Production of Documents, Interrogatory No. 16:** This interrogatory seeks information regarding "experts [Plaintiffs] intend to call at the time of trial." Plaintiffs objected to this interrogatory, in part, as premature, and agreed to supplement their response contemporaneously with their expert disclosures. Defendant argues that Plaintiffs' experts should have been identified as persons likely to have discoverable information because they are likely both fact and expert witnesses. For the reasons stated on the record, Defendant's motion to compel this interrogatory is **DENIED**. Interrogatory No. 16 plainly only seeks information regarding "experts [Plaintiffs] intend to call at the time of trial," not fact witnesses. Further, Plaintiffs' counsel stated at the hearing that the names of those

individuals who took pictures and measurements of Room 239 have already been disclosed.

6. **Defendant's First Set of Interrogatories and Request for Production of Documents, Interrogatory No. 18:** This interrogatory seeks information regarding other insurance *lawsuits* Plaintiffs have been involved in. Defendant subsequently limited this interrogatory to Plaintiff Moonbeam Capital Investments, LLC only and to claims for property damage/insurance litigation for the 2014 through 2019 time period. Plaintiffs objected to this interrogatory as "vague, ambiguous and overbroad," unduly burdensome, and as seeking information not proportional to the needs of the case. Plaintiffs supplemented their response to state "Moonbeam has not been involved in any property insurance litigation with its insurers between 2014 and 2019." For the reasons stated on the record, Defendant's motion to compel this interrogatory is **GRANTED IN PART** and Plaintiffs shall supplement their response to this interrogatory, on or before **May 21, 2019,** regarding whether Moonbeam has been involved in any "property *damage* litigation" between 2014 and 2019.

7. **Defendant's First Set of Interrogatories and Request for Production of Documents, Interrogatory No. 19:** This interrogatory seeks information regarding other *claims* to any insurance company made by Plaintiffs. As above, Defendant subsequently limited this interrogatory to Plaintiff Moonbeam Capital Investments, LLC only and to claims for property damage for the 2014 through 2019 time period, but Plaintiffs continued to object. For the reasons stated on the record, Defendant's motion to compel this interrogatory is **GRANTED IN PART** and Plaintiffs shall conduct an "ISOS" search for all property damage claims made by Moonbeam during the 2014 through 2019 time period and provide Defendant with the results on or before **May 21, 2019**.

Finally, no costs are awarded for the reasons stated on the record, *i.e.*, because no party fully prevailed.

**IT IS SO ORDERED.**

Dated: May 8, 2019  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 8, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti