UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOONBEAM CAPITAL INVESTMENTS,
LLC, ET AL.,

        Plaintiffs,                     Case No. 18-cv-12606

            v.                        UNITED STATES DISTRICT COURT JUDGE
                                        GERSHWIN A. DRAIN

INTEGRATED CONSTRUCTION
SOLUTIONS, INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH THE SUBPOENA ISSUED TO DEFENDANT'S EXPERT CHENARD & OSBORN, INC. [#14]

### I. INTRODUCTION

Plaintiffs Moonbeam Capital Investments, LLC ("Moonbeam") and Travelers Indemnity Company ("Travelers") filed the present complaint against Defendant Integrated Construction Solutions, Inc. ("ICS") alleging negligence. Before the Court is Defendant's Motion to Quash the subpoena that Plaintiffs issued to Defendant's expert, Chenard and Osborn, Inc. ("Chenard"). Dkt. No. 14. For the reasons discussed below, the Court will grant Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff Moonbeam operates a Radisson Hotel in Farmington Hills, Michigan. Dkt. No. 1, pg. 3 (Pg. ID 3). Sometime before February 16, 2017, Travelers issued a property insurance policy to Moonbeam that covered Moonbeam's Radisson Hotel. *Id.* Prior to February 16, 2017, Moonbeam and ICS entered into an agreement for constructions services where ICS performed various construction services at the Radisson, including renovation of certain bathrooms. *Id.* On February 16, 2017, a 75-pound mirror installed by ICS fell off of the wall and severed a water line beneath it. *Id.* This caused severe water damage throughout the hotel. *Id.* Moonbeam made a claim to Travelers for the loss and damage caused by the incident. *Id.* at pg. 4 (Pg. ID 4). Travelers made a payment to Moonbeam in the amount of $374,420.39. *Id.* Plaintiffs Moonbeam and Travelers then brought suit against ICS for the amount of Travelers' payments to Moonbeam to date. *Id.*

ICS asserts that its insurer retained Chenard & Osborn Inc. on ICS's behalf as an expert to investigate the loss in anticipation of litigation. Dkt. No. 14, pg. 5 (Pg. ID 53). ICS disclosed Chenard's initial reports and photos to Moonbeam, subject to a privilege log. *Id.* After this disclosure, Plaintiffs issued a subpoena to Chenard requesting it to produce its entire investigation file. *Id.* Defendant ICS then filed the present Motion to Quash on January 24, 2019, seeking to quash

Plaintiffs' subpoena. Dkt. No. 14. Plaintiffs opposed the Motion on February 5, 2019. Dkt. No. 16. Defendant replied on February 12, 2019. Dkt. No. 17.

### III. LEGAL STANDARD

Fed. R. Civ. P. 45(3) governs quashing a subpoena. Under the Rule, district courts must quash or modify subpoenas that "(i) fail[] to allow a reasonable time to comply; (ii) require[] a person to comply beyond the geographical limits specified in Rule 45(c); (iii) require[] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[] a person to undue burden."

### IV. DISCUSSION

1. Standing

Plaintiffs assert that ICS does not have standing to ask this Court to quash a subpoena directed to third-party Chenard. Dkt. No. 16, pg. 12 (Pg. ID 149). ICS argues that it has standing because it is asserting an interest in maintaining the privileged information contained in the documents. Dkt. No. 17, pg. 2 n.1 (Pg. ID 267).

A party does not have standing to move to quash a subpoena directed to a third party absent a claim of privilege or interest. *See Llanez-Garcia*, 735 F.3d 483, 498–99 (6th Cir. 2013). Here, Defendant ICS is claiming a privilege in Chenard's documents because they were allegedly created in anticipation of litigation and are

work product. Therefore, this Court finds that Defendant has standing to move this Court to quash Plaintiffs' subpoena.

2. Discovery Sequence

Defendant asserts that draft reports and communications are protected by Fed. R. Civ. P. 26(b)(4)(B) and (C). Rule 26(b)(4)(B) states: "[r]ules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Rule 26(b)(4)(C) states:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Defendant states that pursuant to these Rules, Plaintiffs do not have the right to obtain the Chenard's file or depose Chenard until after the time set by this Court for the production of Chenard's rebuttal report—June 27, 2019. Dkt. No. 14, pg. 9 (Pg. ID 57).

Plaintiffs state that the discovery rules do not support Defendant's argument that discovery regarding a disclosed expert can only happen in a certain sequence. Dkt. No. 16, pg. 17 (Pg. ID 154). Fed. R. Civ. P. 26(d)(3) states, "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses'

convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Defendant has already identified Chenard as an expert. Therefore, Plaintiffs may seek discovery from Chenard and do not have to delay according to the scheduling order.

Here, the Defendant has disclosed its experts and portions of Chenard's file to Plaintiffs in the interest of fair discovery. However, Defendant has not provided portions of Chenard's file that it deems privileged. Plaintiffs have not disclosed their experts to Defendant or provided Defendant with comparable discovery. Although Plaintiffs are correct that the Federal Rules provide that discovery can be conducted in any sequence, the Rules do not mandate discovery based on one party's preference. The scheduling order in this matter requires both parties to disclose their experts by May 27, 2019. Dkt. No. 12. Expert rebuttal reports are due no later than June 27, 2019. *Id.* Plaintiffs will receive additional discovery from Defendant's expert Chenard on June 27. Therefore, this Court will not order Defendant to produce more discovery from Chenard until the date set in the scheduling order.

3. Work Product

Plaintiffs next argue that Chenard's file materials are not privileged work product because they were not created in anticipation of litigation. Dkt. No. 16, pg.

12 (Pg. ID 149). Plaintiffs assert that ICS's insurer engaged Chenard to adjust the matter within 24 hours of the water loss, which was long before any litigation was threatened, discussed, or anticipated. *Id.* at pg. 14 (Pg. ID 151). Defendant contends that Chenard created its file materials in anticipation of litigation. Dkt. No. 17, pg. 3 (Pg. ID 268).

The work-product doctrine protects trial preparation materials from discovery. *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). Specifically, the doctrine protects documents and tangible things prepared in anticipation of litigation. *Id.* A document has been prepared in anticipation of litigation if the document (1) "was prepared because of a party's subjective anticipation of litigation[;]" and (2) the "subjective anticipation was objectively reasonable." *Id.* at 439 (internal quotations omitted). The party asserting the protection of the doctrine has the burden to show that anticipated litigation was the driving force behind the preparation of [the] requested document[s]." *Id.* at 439.

The Sixth Circuit explains that "a party may satisfy its burden of showing anticipation of litigation 'in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories,' and that the showing 'can be opposed or controverted in the same manner.' " *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009). A document prepared as part of the ordinary business,

where the ordinary business purpose was the "driving force" for creating the document, was not prepared in anticipation of litigation. *Id.* If "an undisputed affidavit is specific and detailed [and] indicate[s] that the documents were prepared in anticipation of litigation, then the party claiming work product protection has met its burden." *Biegas*, 573 F.3d at 381.

The privilege is not applied where the "only basis for the claim is an affidavit containing conclusory statement[s]." *Id.* District courts must sometimes examine "the documents themselves and the context in which they were prepared" in order to determine if they were prepared in anticipation of litigation. *See In re Professionals Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009).

In *United States v. Roxworthy*, the Sixth Circuit found that the work-product doctrine applied to memoranda. 457 F.3d 590, 597 (6th Cir. 2006). The defendant submitted two affidavits to support its contention that the doctrine applied to the memoranda. *Id.* at 595. One affidavit asserted that the defendant was advised that certain tax treatment was unsettled law and had been the subject of litigation with the Internal Revenue Service. *Id.* at 596. The affidavit further stated that the defendant expected litigation concerning a $112 million loss. *Id.* Additionally, the individual who the disputed documents were addressed to had the job duties of in-house counsel and not tax attorney. *Id.* On these grounds, the court determined that

the affidavits were sufficiently detailed and specific to prove that the disputed documents were created in anticipation of litigation. *Id.* at 597.

Here, Defendant submitted an affidavit from John Burke, who is employed by Chenard and investigated the claimed loss to Moonbeam's hotel. Dkt. No. 17-2, pg. 3 (Pg. ID 277). Defendant's insurer hired Chenard to investigate. Dkt. No. 16-2, pg. 3 (Pg. ID 165). Burke's affidavit states that "[f]rom the inception of the investigation, the potential for litigation existed because Moonbeam was making an adversarial claim . . . which ICS denied," "[t]he claimed cause of the loss also appeared suspect," and "[m]y work was done in anticipation of litigation." Dkt. No. 17-2, pg. 3 (Pg. ID 277).

The Court finds that the affidavit is sufficient to show that Chenard prepared its file in anticipation of litigation. Burke's affidavit states that the potential for litigation existed from the beginning of his investigation because there was a dispute between Moonbeam and ICS about what caused the damage at issue. Dkt. No. 17-2, pg. 3 (Pg. ID 277). The affidavit also states that the claimed cause of Moonbeam's loss appeared suspect. *Id.* Therefore, Burke asserts that the work he did was done in anticipation of litigation. *Id.* From the time that the incident occurred, Defendant was aware that litigation would likely happen. Chenard's file contains numerous photos of the incident and he also interviewed employees about the incident, which suggests that Defendants anticipated litigation from the start.

-8-

For these reasons, the Court finds that the record establishes that Chenard created its file in anticipation of litigation.

4. Waiver

Plaintiffs next argue that Defendant waived any work-product protection that might exist because it voluntarily produced parts of its file materials with its discovery responses. Dkt. No. 16, pg. 15 (Pg. ID 152). This Court disagrees.

Rule 26(b)(4)(C) states that "[r]ules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under 26(a)(2)(B)" (witnesses who provide a written report, such as Chenard). Further, Fed. R. Civ. P. 26(a)(2)(C) protects draft reports and disclosures for reporting (such as Chenard) and non-reporting experts. *United States v. Sierra Pacific Indus.*, No. CIV S-09-2445, 2011 WL 2119078, at *2 (E.D. Cal. May 26, 2011). Therefore, the Court concludes that, under the Federal Rules, waiver does not apply solely because Defendant turned over Chenard's initial reports.

5. Substantial Need and Undue Hardship

Lastly, Plaintiffs assert that production of Chenard's file is necessary because they cannot obtain the information in the file by other means. Dkt. No. 16, pg. 19 (Pg. ID 156). Plaintiffs state that they have a substantial need for the audio recordings of Moonbeam's employees because they cannot obtain the same

information due to the passage of time. *Id.* at pg. 20 (Pg. ID 157). Mr. Burke summarized his interviews in his second report, which the Plaintiffs have obtained. *Id.* at pg. 21 (Pg. ID 158). However, Plaintiffs argue that some of the interviewed employees do not speak English as they primary language—making the audio recordings more important to ensure the accuracy of Mr. Burke's summaries. *Id.*

Fed. R. Civ. P. 26(b)(3)(A)(ii) states that a party may discover documents "prepared in anticipation of litigation" if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Here, the Court has determined that Chenard's file was not prepared in anticipation of litigation. However, if Chenard's file was prepared for litigation, the Court finds that the undue hardship exception would not apply.

In *Mitchell v. Archer Daniel Midland Company*, the Eastern District of Tennessee concluded that the defendants did not demonstrate that they were entitled to the undue hardship exception. 329 F.R.D. 178, 182 (E.D. Tenn. 2019). The defendants in *Mitchell* did not claim or demonstrate that the witnesses interviewed by Plaintiff were not equally accessible to them. *Id.* The court noted that there was no suggestion that any of the witnesses had "died or left the area for parts unknown." *Id.* The court reasoned that the defendants had not shown that

they would face an undue hardship if they were required to obtain the information sought by other means. *Id.*

Here, Plaintiff Moonbeam has not produced enough information to demonstrate that it could not obtain the same information if it interviewed its employees itself. Moonbeam states that "[t]he employees complained to Mr. Burke that they had already forgotten aspects of discovering the water loss." Dkt. No. 16, pg. 22 (Pg. ID 159). However, Moonbeam does not corroborate this contention with any facts contained in the record. Further, Moonbeam continues to speculate that it would not be able to acquire the same information due to the passage of time and language barrier of some of its employees. However, it has not attempted to conduct its own interviews to determine how much its employees actually recall. Therefore, this Court finds that the undue hardship exception does not apply.

## V. CONCLUSION

This Court concludes that Chenard prepared its file in anticipation of litigation and no exceptions apply that require Defendant to turn over Chenard's file to Plaintiffs. Further, Defendant has engaged in full and fair discovery to the extent that it deems permissible, while Plaintiffs have not provided similar

discovery to Defendant. For these reasons, the Court will grant Defendant's Motion.

SO ORDERED.

Dated: May 17, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
May 17, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager