UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOONBEAM CAPITAL
INVESTMENTS, LLC, and
TRAVELERS INDEMNITY
COMPANY,

Plaintiffs,

v.

INTEGRATED
CONSTRUCTION SOLUTIONS,
INC.

Defendant.
_____/

Case No. 2:18-cv-12606
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT INTEGRATED CONSTRUCTION SOLUTIONS INC.'S MOTION TO QUASH PLAINTIFFS' SUBPOENA OF PAUL IZZO (ECF 44)

This matter came before the Court for consideration of Defendant Integrated Construction Solutions, Inc.'s motion to quash Plaintiffs' subpoena of Paul Izzo (ECF 44), Plaintiffs' response (ECF 48), and Defendant's reply (ECF 51). Judge Drain referred this motion to me for hearing and determination (ECF 45), and a hearing was held on October 8, 2019, at which counsel appeared and the Court entertained oral argument regarding Defendant's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendant's motion to quash Plaintiffs'

subpoena of Paul Izzo (ECF 44) is **GRANTED IN PART AND DENIED IN PART** as follows:

**(1)** Defendant no longer offers Izzo as an expert witness, but does designate him for the following stated purposes: (a) as a records custodian, and (b) as a fact witness to testify that Plaintiffs never allowed him to examine the mirror in the bathroom where the incident allegedly occurred. (ECF 44 at Page ID No. 1407; Defendant's Witness List, ECF 44-2 at Page ID No. 1424.) Accordingly, to the extent Defendant requests that the Court quash the entire subpoena, Defendant's motion is **DENIED**, as he is not entirely an expert "who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 235 F.R.D. 703, 705 (M.D. Fla. 2006) ("It is possible for a witness to wear two hats: one as a specially employed expert in anticipation of litigation and one as an ordinary witness."); *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990) (ruling that an employee could be deposed regarding facts and opinions held before being specially employed as an expert in anticipation of litigation). But to the extent Defendant requests that the Court limit the scope of the subpoena, Defendant's motion is **GRANTED**.

**(2)** Plaintiffs may depose Izzo, but the questions asked must be limited to the purposes for which he is being offered as a witness, including his role as a records custodian and whether he was given the opportunity to examine the mirror in the bathroom.

**(3)** The deposition must be no longer than **2 ½ hours**.

**(4)** Plaintiffs may also question Izzo regarding all of the photographs taken by him which have been produced by Defendant, subject to the parameter that the questions be limited to the purposes for which he is being offered as a witness. Questions may include when and under what circumstances the photographs were taken, and what the photographs depict. They may also relate to authentication of both the photographs themselves and the content written thereon.

**(5)** Pursuant to Fed. R. Civ. P. 26(b)(4)(D), Plaintiffs may NOT, however, question Izzo about**:** his expertise, the investigative assignments given him, any facts conveyed to him by Defendant or its counsel, any testing or experiments performed, any opinions requested

of or provided by him, any reports made, or any communications between him and counsel (which would be protected by the work product doctrine and/or attorney-client privilege).  Further, Plaintiffs may not question Izzo regarding the significance of the photographic content, or his cause and origin opinions.

**(6)** Izzo's deposition must be taken on or before **October 22, 2019**.  If the witness's schedule prevents the parties from setting a date within that timeframe, the parties are expected to cooperate on selecting a date.

Finally, no costs are awarded for the reasons stated on the record, *i.e.*, because no party fully prevailed and because a ruling from the Court was needed from both parties.  Defendant reserves the right to file motions *in limine* regarding the admissibility of the photographs discussed above, as the Court is not ruling on their admissibility here.  *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.")

**IT IS SO ORDERED.**

Dated: October 10, 2019         s/*Anthony P. Patti*
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE