# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MOONBEAM CAPITAL INVESTMENTS, LLC,** a Nevada limited liability company and **THE TRAVELERS INDEMNITY COMPANY**, a Connecticut corporation, as subrogee of Moonbeam Capital Investments, LLC

Case No. 18-cv-12606
Hon. Gershwin A. Drain
Magistrate Judge Anthony P. Patti

Plaintiffs,

v

**INTEGRATED CONSTRUCTION SOLUTIONS, INC.**, a Michigan corporation,

Defendant.
_____/

| | |
|---|---|
| MICHELE A. CHAPNICK (P48716) | MICHAEL F. SCHMIDT (P25213) |
| CORINNE F. SHOOP (P38145) | NATHAN PEPLINSKI (P66596) |
| **GREGORY AND MEYER, P.C.** | **HARVEY KRUSE, P.C.** |
| Attorney for Plaintiffs | Attorney for Defendant |
| 340 E. Big Beaver Rd., Ste. 520 | 1050 Wilshire Dr., Ste. 320 |
| Troy, MI 48083 | Troy, MI 48084 |
| (248) 689-3920 | (248) 649-7800 |
| mchapnick@gregorylaw.com | mschmidt@harveykruse.com |
| cshoop@gregorylaw.com | npeplinski@harveykruse.com |

_____/

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO BAR DEFENDANT FROM PRESENTING TESTIMONY OR ARGUMENT THAT ICS AND ITS EXPERT WERE NOT PERMITTED TO INSPECT ROOM 239 OR THE EVIDENCE

**A.     ICS's Repeated Efforts To Impugn Both Plaintiffs And Their Counsel Cannot Constitute Proper Zealous Advocacy**

ICS now argues that Plaintiffs' strategy "was not to allow defendant integrated Construction Solutions, Inc. (ICS) to examine the mirror that allegedly fell in the bathroom of Room 239 or any other mirror in the bathroom of Room 239." (**ECF 75**, PageID.4068). As evidenced in prior exhibits, the Plaintiffs extended opportunities to inspect the room and the mirror; to which the Defendant ignored and declined (**ECF 67-2**, PageID.3892).

ICS's statements go far beyond zealous advocacy and instead cross the line into defamation. In *Followell v. Mills*, 317 Fed.Appx. 501, 512-513 (6th Cir. 2009), the plaintiff's attorney made allegations against an officer of the court that were similar to those made by ICS in the instant case. In *Followell*, the plaintiff accused an officer of the court of intentionally withholding information and misrepresenting the facts, "fabricat[ing] evidence," and "misleading]" the court. The Sixth Circuit concluded that these allegations did not constitute proper zealous advocacy. According to the Court, these allegations were scandalous and impugned an officer of the court's integrity and reputation and must be sanctioned.

Further, making false accusations against fellow attorneys can never be condoned. *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1276 (11th Cir. 2009) ("Conduct that is degrading and disrespectful to judges and fellow attorneys is neither zealous advocacy nor a legitimate trial tactic."). Here, ICS's unsupported

2

statements that Plaintiffs and their counsel have mislead the Court and actually committed fraud on this tribunal are outrageous and should subject Defendant and its attorneys to sanctions.

**B.**     **The Plaintiffs Are Requesting That The Evidence Produced During The Trial Reflect The Rulings And Orders Of This Court**

Again, the Defendant represents that the Plaintiffs have "refused" to allow the Defendant to examine the mirror that allegedly fell in the bathroom where the water loss occurred. This is not accurate as the Defendant has had two representatives inspect the mirror and the bathroom; John Burke on the day after the water loss, February 17, 2017 and Paul Izzo on February 28, 2017. The Plaintiffs have also offered the Defendant an opportunity to inspect the mirror and the hotel room after filing of this lawsuit in accordance with this Court's Orders (**ECF 25 and ECF 41**). The Defendant has declined any additional inspection. The Defendant has continuously misled this Court by stating the above statements are false as its experts have been denied the opportunity to inspect the mirror **in the bathroom.** On two occasions this Court has ordered that the Plaintiffs are not obligated to return the mirror to Michigan for such an inspection (see **ECF 25** and **ECF 41**).

The Defendant appears to be of the belief that something is repeated enough it will become fact. However, the Court's Orders and the referenced communications between the parties speak for themselves:

1. Not once but twice, the Court has ordered that the Plaintiffs had no obligation to return the mirror to Michigan for the Defendant's inspection (**ECF 25** and **ECF 41**);

2. The Plaintiffs extended opportunities and invitations to the Defendant to inspect both the room and the mirror (**ECF 75**, PageID.4068); and

3. The Defendant declined these invitations and instead waited until the close of discovery, after Facilitation and on the eve of Trial to request these inspections (**ECF 59**).

                /s/ Corinne F. Shoop
                CORINNE F. SHOOP
                **GREGORY AND MEYER, P.C.**
                Attorney for Plaintiffs
                340 E. Big Beaver Rd., Ste. 520
                Troy, MI  48083
                (248) 689-3920
Dated:  December 23, 2019    P38145
                cshoop@gregorylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following Michael F. Schmidt.

                /s/ Corinne F. Shoop
                CORINNE F. SHOOP
                **GREGORY AND MEYER, P.C.**
                Attorney for Plaintiffs
                340 E. Big Beaver Rd., Ste. 520
                Troy, MI  48083
                (248) 689-3920
                P38145
                cshoop@gregorylaw.com