# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MOONBEAM CAPITAL INVESTMENTS, LLC,** a Nevada limited liability company and **THE TRAVELERS INDEMNITY COMPANY**, a Connecticut corporation, as subrogee of Moonbeam Capital Investments, LLC

Case No. 18-cv-12606
Hon. Gershwin A. Drain
Magistrate Judge Anthony P. Patti

Plaintiffs,

v

**INTEGRATED CONSTRUCTION SOLUTIONS, INC**., a Michigan corporation,

Defendant.

_____/

MICHELE A. CHAPNICK (P48716)
CORINNE F. SHOOP (P38145)
**GREGORY AND MEYER, P.C.**
Attorney for Plaintiffs
340 E. Big Beaver Rd., Ste. 520
Troy, MI 48083
(248) 689-3920
mchapnick@gregorylaw.com
cshoop@gregorylaw.com

MICHAEL F. SCHMIDT (P25213)
NATHAN PEPLINSKI (P66596)
**HARVEY KRUSE, P.C.**
Attorney for Defendant
1050 Wilshire Dr., Ste. 320
Troy, MI 48084
(248) 649-7800
mschmidt@harveykruse.com
npeplinski@harveykruse.com

_____/

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO THE MOTION IN LIMINE RE TESTIMONY ABOUT THE CREDIBILITY AND VERACITY OF WITNESSES (ECF NO. 81)

**A.**   **ICS's Response Does Not Challenge That Issues Of Credibility Are Left To The Jury**

ICS's motion response provides no counter-argument to Plaintiffs' position that credibility determinations are solely for the jury. *Regal Cinemas, Inc. v. W & M Props.*, 234 F.3d 1269 (6th Cir. 2000) (table disposition); *Snyder v. Kohl's Dept. Stores, Inc.*, 580 Fed. Appx. 458, 461 (6th Cir. 2014). ICS does not present any law or argument challenging the jury's right to determine and assess witness credibility. *United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988). *See United States v. Dickens*, 438 F. Appx 364, 372 (6th Cir. 2011) (it is improper to ask a witness to comment on the credibility of another witness because credibility determinations are the province of juries). Since ICS does not challenge this law, its personnel and experts should be precluded from offering any opinions on the credibility or veracity of Plaintiffs' witnesses.

**B.**   **Similarly, ICS's Response Does Not Counter That Its Lay Witnesses Have No Basis For Opining On The Credibility Or Veracity Of Plaintiffs' Witnesses**

ICS's motion response does not establish that its lay witnesses have any personal knowledge of the credibility or veracity of Plaintiffs' personnel. See Wright & Miller, Federal Practice and Procedure (2d ed.), *A Witness's Character for Truthfulness or Untruthfulness* § 6114. Opinions on credibility and veracity must be based on perceived facts of truthfulness or untruthfulness. *Id*. ICS has failed to present facts corroborating that its witnesses have any relationship with any ICS's

personnel. Given this lack of evidence, ICS's witnesses must be barred from presenting any opinions on credibility or truthfulness. See *U.S. v. Tager*, 788 F.2d 349 (6th Cir. 1986).

**C.** **The Admissibility Of Statements Allegedly Made By Gary Sabbagh Are Not The Subject Of This Motion In Limine; In Any Event ICS Has Not Met Its Burden To Show That Gary Sabbagh Make An Adverse Statement And That He Was Authorized To Make Such A Statement**

Instead of bringing their own Motion in Limine regarding the admissibility of the alleged statements of hotel manager Gary Sabbagh, ICS raises it in response to Plaintiffs' own motion regarding veracity and credibility. ICS's arguments are deficient in four ways. First, Sabbagh never made the statement. Second, the alleged statement is not against Moonbeam's interest. Third, ICS has presented no evidence that Sabbagh was authorized to make a statement regarding the water loss. Fourth, ICS has not shown the Sabbagh's alleged statement fell within the scope of his employment. See Fed. R. Evid. 801(d)(2).

An admission may be binding on a party if it is a statement offered against the party by an agent or employee concerning a matter within the scope of the agency or employment, made while the relationship existed. Fed. R. Evid. 801(d)(2)(D). ICS, as the proponent of Sabbagh's alleged statement has the burden to demonstrate: (1) an agency relationship existed; (2) the statements were made during the course of the relationship; and (3) the statements relate to matters within the scope of the agency. See *Gomez v. Rivera Rodriguez*, 344 F.3d 103 (1st Cir. 2003). An agency

3

relationship must be shown to exist by independent evidence before out-of-court statements by the purported agent can be deemed admissions by a party-opponent. Id. The statement must concern a matter within the scope of the agency or employment. *Jacklyn v. Schering-Plough Healthcare Products Sales Corp*., 176 F.3d 921 (6th Cir. 1999).

ICS cannot even establish that Sabbagh made the statement, let alone that Sabbagh's purported statement was adverse to the interests of the hotel and that the alleged statement was authorized made within the scope of his duties.

/s/ Corinne F. Shoop
CORINNE F. SHOOP
**GREGORY AND MEYER, P.C.**
Attorney for Plaintiffs
340 E. Big Beaver Rd., Ste. 520
Troy, MI 48083
(248) 689-3920
P38145
Dated: January 13, 2020          cshoop@gregorylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the Defense counsel Michael F. Schmidt.

<u>/s/ Corinne F. Shoop</u>
CORINNE F. SHOOP
**GREGORY AND MEYER, P.C.**
Attorney for Plaintiffs
340 E. Big Beaver Rd., Ste. 520
Troy, MI 48083
(248) 689-3920
P38145
cshoop@gregorylaw.com