UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOONBEAM CAPITAL INVESTMENTS,
LLC, ET AL.,

         Plaintiffs,

v.

INTEGRATED CONSTRUCTION
SOLUTIONS, INC.,

         Defendant.
_____/

Case No. 18-cv-12606

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXTEND DISCOVERY [#98]

### I. INTRODUCTION

On August 21, 2018, Plaintiffs Moonbeam Capital Investments, LLC and The Travelers Indemnity Company (together, the "Plaintiffs") filed the instant negligence and contractual indemnity claims against Defendant Integrated Construction Solutions, Inc. ("Defendant"). ECF No. 1.

Presently before the Court is Defendant's Motion to Extend Discovery, filed on January 17, 2020. ECF No. 98. Plaintiffs filed a Response on January 29, 2020. ECF No. 100. Defendant filed its Reply on February 5, 2020. ECF No. 101. After reviewing the parties' briefs, the Court finds that no hearing on the Motion is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will **DENY** Defendant's Motion to Extend Discovery [#98].

-1-

## II. PROCEDURAL BACKGROUND

Plaintiffs' claims stem from an accident at the Radisson Hotel on February 16, 2017. ECF No. 1, PageID.3. On that date, a mirror in the bathroom of Room 239 allegedly fell and landed on a capped water line. ECF No. 47, PageID.1501. Plaintiffs allege that Defendant was negligent in using a damaged cleat to install the mirror in Room 239; failing to properly seat the mirror on the cleat; failing to allow adequate clearance between the lighting fixtures and the mirror; failing to properly inspect the work performed to ensure that the mirror was properly seated to prevent it from falling over the exposed water line; amongst other things. ECF No. 1, PageID.5–7. Defendant contends that Plaintiff Moonbeam—the hotel owner—was in control of the remodeling project and had "complete and exclusive control" of Room 239 at the time of accident. ECF No. 98, PageID.5274.

### A. Immediate, Post-Accident Inspections

In its Motion for Summary Judgment,[1] Defendant asserted that Mick Hartman, a vinyl contractor, first discovered the claimed water loss on the morning of the alleged accident and traced it to Room 239. ECF No. 42, PageID.1123. He purportedly noticed that there was no mirror hanging from the wall. *Id.* In their Response, Plaintiffs argued that Moonbeam employee Ndiame Diop first discovered

---

[1] After reviewing the parties' briefs, the Court denied Defendant's Motion for Summary Judgment [#42] on January 13, 2020. ECF No. 94.

the claimed water loss.  ECF No. 47, PageID.1501.  Mr. Diop testified that when he entered Room 239 shortly after 7:00 a.m., he saw the bathroom mirror resting on the exposed, severed line.  *Id.*; *see also* ECF No. 47-18, PageID.1781.

Pete Hanewich, Defendant's president, inspected the wall cleat in Room 239's bathroom on the morning of loss.  ECF No. 42, PageID.1129.  He noted that the cleat was "perfectly intact" and that there was "no damage to the cleat on the mirror."  ECF No. 42-4, PageID.1187.  Mr. Hanewich later saw the mirror in hotel manager Mr. Gary Sabbagh's office.  ECF No. 42, PageID.1130.  On the afternoon of the alleged accident, the mirror was purportedly moved to Mr. Sabbagh's office.  *Id.*; ECF No. 47, PageID.1502.

Defendant's insurer Amerisure hired an independent adjuster, John Burke, to inspect and photograph Room 239 and the mirror.  ECF No. 47, PageID.1502.  Mr. Burke testified that he inspected a mirror; measured the cleats; and measured a mirror in Mr. Sabbagh's office on the day of the alleged accident.  ECF No. 70-3, PageID.3961–62. He also took multiple photos of Room 239 and its bathroom.  *See* ECF No. 70-4 (photo sheet indicates that the photos were taken on February 17, 2017).  In his deposition, Mr. Burke indicated that he went into Room 239's bathroom before preparing his report on the cleat system.  ECF No. 70-3, PageID.3962.

Defendant also retained investigator Paul Izzo. ECF No. 100, PageID.5404. Mr. Izzo inspected Room 239, the mirror, and the cleats on February 28, 2017. ECF No. 100, PageID.5404. He denoted that the cleats showed "no evidence of damage or distress." ECF No. 70-5, PageID.4014.

After the completion of these inspections, as well as Plaintiff Travelers' inspection, the mirror was moved to an evidence storage unit in Connecticut. ECF No. 100, PageID.5404; *see also* ECF No. 70-7. Defendant asserts that Plaintiffs moved the evidence without any notice to it, thus preventing it from filing a motion to allow an inspection. ECF No. 98, PageID.5274–75.

**B. Parties' Actions During Discovery**

After litigation began in August 2018, the parties submitted a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3) on October 30, 2018. ECF No. 11. Together, they requested 270 days of discovery in his matter. *Id.* at PageID.37. In the Scheduling Order, discovery was set to be cutoff by August 2, 2019. *See* ECF No. 12.

Defendant requested production of the mirror and wall cleat in its initial and second discovery requests. ECF No. 98, PageID.5274. In their responses to these requests, Plaintiffs indicated that the evidence was already made available to Defendant, its insurer, and expert witness. *See* ECF No. 14-4, PageID.93; ECF No. 98-3, PageID.5297. Plaintiffs also asserted that these items would be "made

available for Defendant's inspection [in Connecticut] on a mutually convenient date." ECF No. 98-3, PageID.5297.

Defendant sought to coordinate the production of the mirror and wall cleat via email and letter communication in November 2018. ECF Nos. 98-4, 98-5. In this correspondence, Plaintiffs' counsel indicated that evidence remained in Connecticut and "can be viewed at a mutually convenient time at the [evidence] lab." ECF No. 98-5, PageID.5307. Further, she stated that the parties needed to resolve other outstanding issues, including a waiver and an indemnification issue, prior to the inspection should Defendant wish to do "anything other than take photos, measurements and observations." *Id.* In response, Defendant's counsel contended that his client should not need to travel to Connecticut and that he hoped this issue could be resolved without a motion. *Id.*

On February 1, 2019, Defendant moved to compel Plaintiffs to return the mirror and wall cleat from Connecticut to the hotel. ECF No. 15. Notably, Defendant filed its Motion to Compel before it served a Request for Entry pursuant to Federal Rule of Civil Procedure 34(a)(2).[2] ECF No. 18, PageID.308. On February

---

[2] Defendant attached its Rule 34 inspection request as an exhibit to its instant Motion. *See* ECF No. 98-6. Plaintiffs objected to the request to that extent that it failed to contain a "sufficiently detailed protocol identifying all activities and anticipated tasks to be conducted at any inspection." ECF No. 98-7, PageID.5313. They denoted that they "have always been and continue to be willing to permit inspection of the mirror and any component parts [] in Connecticut for non-destructive

27, 2019, Magistrate Judge Patti accordingly denied Defendant's motion as premature. ECF No. 25, PageID.629. In his Order, Magistrate Judge Patti denoted that Plaintiff will not be compelled to incur the time and expense to ship the evidence back to Michigan for inspection. *Id.* He also stated that the court is not persuaded that "the only place for a proper inspection of the mirror and its cleat is in the bathroom." *Id.* at PageID.630 (internal quotation omitted).

Defendant timely objected to Magistrate Judge Patti's Order. ECF No. 28. This Court overruled Defendant's three objections on June 26, 2019. ECF No. 41. Notably, this Court determined that the parties' correspondence indicated that "Plaintiffs were cooperative in allowing Defendant to inspect the mirror and cleat in Connecticut." *Id.* at PageID.1111.

Plaintiffs' counsel advised Defendant's counsel on June 27, 2019 that the evidence would be available for inspection in Connecticut on July 10, 2019. ECF No. 67-2, PageID.3897. Defendant's counsel rejected the proposed date and reiterated that he and his client desired to inspect Room 239. *Id.* at PageID.3896. Plaintiffs' counsel responded to this request an hour later, stating that her clients could arrange an inspection of Room 239 once he submitted a protocol and proposed dates. *Id.*

---

examination on a mutually convenient date in the presence of Plaintiffs' counsel and experts[.]" *Id.*

On July 26, 2019, Defendant filed a second Rule 34 inspection request for Plaintiffs to produce the mirror and wall cleat at Room 239. ECF No. 98-8. In this request, Defendant attached its expert George Wharton's inspection protocol. *Id.* at PageID.5318. Plaintiffs relied on this Court's orders to establish that they are not compelled to return the mirror and wall cleat from Connecticut to the hotel. ECF No. 98-9, PageID.5322.

**C. Parties' Actions Post-Discovery**

On October 29, 2019, Defendant's counsel again sought access to Room 239 for examination. ECF No. 100, PageID.5408. Plaintiffs' counsel rejected this request the following day. ECF No. 98-12, PageID.5371. In the instant Motion, Plaintiffs explain that they rejected Defendant's request since nearly three months had passed since the close of discovery. ECF No. 100, PageID.5394. Further, Plaintiffs emphasize that their counsel made "multiple offers to allow Defendant, its counsel, and experts view Room 239 and the stored evidence." *Id.* According to Plaintiffs, Defendant rebuffed these offers. *Id.*

Defendant then filed a Motion to Compel Entry to Bathroom of Room 239 on November 14, 2019. ECF No. 59. After hearing argument, Magistrate Judge Patti denied Defendant's Motion. ECF No. 89. Magistrate Judge Patti's Order included six, specific reasons for denying Defendant's request:

> (1) the experts' reports were completed and exchanged in June 2019;
> (2) the experts' deposition were completed in September 2019; (3)

allowing a new inspection would be prejudicial to Plaintiff; (4) the motion was filed three and a half months after the close of discovery; (5) Defendant had multiple opportunities to conduct the proposed inspection well before expert reports were due or discovery had closed (*see e.g.*, ECF No. 67-2, PageID.3892, 3896); and (6) the scheduling order made clear that, "The court will not order discovery to take place subsequent to the discovery cutoff date." (ECF No. 12, PageID.41).

*Id.* at PageID.5195. Defendant did not file any objections to the Order.

On January 16, 2020, this Court proposed an amended scheduling order, which accommodated the parties' commitment to continuing settlement discussions. *See* ECF Nos. 96, 97. The parties are scheduled to appear before Magistrate Judge Patti on May 6, 2020 for their Settlement Conference. ECF No. 102.

### D. Defendant's Present Motion to Extend Discovery

In its Motion to Extend Discovery, Defendant moves to extend discovery solely to allow an inspection of Room 239's bathroom. ECF No. 98, PageID.5271. First, Defendant argues that it has been diligent in pursuing discovery. *Id.* at PageID.5282. Second, Defendant asserts that Plaintiffs cannot be prejudiced by its request. *Id.* at PageID.5284. According to Defendant, such extended discovery will "simply allow [it] to examine the incident scene to properly defend the claims being made against it." *Id.* at PageID.5286.

Plaintiffs opposed Defendant's Motion on January 29, 2020, arguing that Defendant fails to establish good cause which is necessary to extend discovery. ECF No. 100, PageID.5397. Further, Plaintiffs assert that it would be unfairly prejudiced

by extended discovery. *Id.* Finally, Plaintiffs state that Defendant fails to make a showing of excusable neglect, which is required under Federal Rule of Civil Procedure 6(b)(1). *Id.* Defendant filed its Reply on February 5, 2020. ECF No. 101.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements[.]" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (internal quotation and citation omitted). Thus, the "overarching inquiry" when considering a motion to extend discovery is "whether the moving party was diligent in pursuing discovery." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Courts may also consider prejudice to the nonmoving party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation omitted).

District courts have discretion when weighing factors for and against additional discovery. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472 (6th Cir. 2010). The Sixth Circuit has identified five factors relevant to a moving party's request for additional time for discovery:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3)

the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Id.* at 478.

## IV. ANALYSIS

### A. Defendant Does Not Establish Good Cause to Extend Discovery

Defendant asserts that good cause exists to allow a "limited extension of discovery" solely to enter and inspect Room 239. ECF No. 98, PageID.5271. According to Defendant, Plaintiffs have had continued access to Room 239 and have had multiple inspections by several experts. *Id.* Plaintiffs contend that Defendant cannot demonstrate the necessary good cause for extending discovery since it was not diligent in seeking to inspect Room 239. ECF No. 100, PageID.5412. For the reasons set forth below, the Court agrees with Plaintiffs.

The Sixth Circuit has determined that a moving party's diligence in pursuing discovery is the "overarching inquiry" in the five, overlapping *Dowling* factors. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Accordingly, the Court will begin its analysis by determining whether Defendant was diligent over the ten months of discovery in the instant case.

Defendant argues that Mr. Burke and Mr. Izzo were not allowed to inspect the mirror of Room 239 at the time of their inspections. ECF No. 98, PageID.5282. However, Mr. Burke testified that he inspected a mirror; measured the cleats; and

measured a mirror in Mr. Sabbagh's office on February 17, 2017. ECF No. 70-3, PageID.3961–62. He also took multiple photos of Room 239 and its bathroom. *See* ECF No. 70-4. In his deposition, Mr. Burke also indicated that he went into Room 239's bathroom before preparing his report on the cleat system. ECF No. 70-3, PageID.3962. Additionally, the Court denotes that Mr. Izzo inspected Room 239, its light fixture, and wall cleat on February 28, 2017. ECF No. 70-5, PageID.4015. Like Mr. Burke, Mr. Izzo also took multiple photos of the evidence. *See* ECF No. 70-6.

Defendant also emphasizes Plaintiffs' decision to move the evidence to Connecticut. ECF No. 98, PageID.5283. Defendant argues that it is "only seeking any access" in its instant request since Plaintiffs have allegedly had exclusive access to the evidence since the time of the accident. *Id.* The Court denotes, however, that the evidence was moved after the initial inspections by both Mr. Burke and Mr. Izzo. Further, as outlined in the "Procedural Background" section of this Order, Plaintiffs' counsel communicated to Defendants on multiple occasions that these items would be made available for inspection in Connecticut "on a mutually convenient date." *See, e.g.*, ECF No. 98-3, PageID.5297. For example, Plaintiffs' counsel indicated in an email on November 6, 2018 that the evidence could be viewed "at a mutually convenient time at the [evidence] lab." ECF No. 98-5, PageID.5307.

The Court also recognizes that Plaintiffs' counsel provided Defendant's counsel a two-week advanced notice of her clients' expert witness Brian Tognetti's inspection in Connecticut on July 10, 2019. ECF No. 67-2, PageID.3897. Defendant's counsel rejected the proposed date and reiterated that he and his client desired to inspect Room 239. *Id.* at PageID.3896.

In its Reply, Defendant argues that "[a]ny delay is attributable to [Plaintiffs] not [Defendant.]" ECF No. 101, PageID.5423. The Court takes notice of Defendant's expert Mr. Wharton's deposition, though, where he explained that he did not inspect the mirror or the wall cleat in Connecticut because of his client's direction. ECF No. 53-17, PageID.2322. At the deposition, Plaintiffs' counsel also asserted that Defendant had an "open invitation" to go to the hotel as it wished. *Id.* at PageID.2321. Mr. Wharton's admission and Plaintiffs' counsel's assertion both demonstrate that the delay is not exclusively attributable to Plaintiffs.

Finally, the Court emphasizes Magistrate Judge Patti's findings in denying Defendant's Motion to Compel Entry to the Bathroom of Room 239. ECF No. 89. Magistrate Judge Patti several reasons for denying Defendant's request to allow entry to Room 239, including the fact that Defendant had "*multiple opportunities* to conduct the proposed inspection well before expert reports were due or discovery had closed[.]" *Id.* at PageID.5195 (internal citations omitted) (emphasis added). Notably, Defendant did not file any objections to Magistrate Judge Patti's Order;

rather, it filed the instant Motion eight days later and one day after a Status Conference before this Court. The Court finds Magistrate Judge Patti's analysis sound and persuasive in the instant Motion to further demonstrate that Defendant was not diligent over its ten months of discovery. The Court also takes notice of Defendant's decision to file its Motion to Compel before Magistrate Judge Patti three and a half months after the close of discovery. This delay does not demonstrate its diligence in seeking access to Room 239.

For the reasons articulated above, the Court does not believe that Defendant has been diligent in pursuing its discovery requests, which is the Court's overarching inquiry for the instant Motion. *Dowling*, 593 F.3d at 478. Accordingly, the Court does not find good cause to extend discovery—which concluded five months before Defendant filed its instant Motion—to allow an inspection of Room 239.

### B. An Extension of Discovery Would Unfairly Prejudice Plaintiffs

Defendant argues that Plaintiffs cannot be prejudiced by its request to extend discovery. ECF No. 98, PageID.5284. Specifically, Defendant explains that "to the extent that [P]laintiffs feel that there will be some need to conduct an additional deposition of [its] expert, time exists to allow that before trial, which will not happen for several months." *Id.* Additionally, it asserts that the room is rented to the public and it is simply seeking the same type of access "as anyone would have on entering the room[.]" *Id.* at PageID.5285.

Plaintiffs contest Defendant's assertion, arguing that any inspection would "undoubtedly require" Defendant's expert Mr. Wharton to revise his expert report. ECF No. 100, PageID.5415. Plaintiffs also believe they would need to depose Mr. Wharton again before their trial date. *Id.* While the Court agrees with Defendant in its Reply brief that Mr. Wharton would be under no obligation to amend his expert report, ECF No. 101, PageID.5423, the Court finds that Plaintiffs could still be prejudiced by needing to schedule an additional deposition.

The Court denotes that if it were to grant Defendant's instant Motion, an inspection and a possible second deposition would have to be scheduled within the next six weeks before the parties' Settlement Conference before Magistrate Judge Patti. This would not only prejudice Plaintiffs but would also disrupt the parties' commitment to good faith settlement discussions. At their Status Conference, both parties advised the Court that they were hopeful that they could continue settlement discussions given that this Court ruled on Defendant's Motion for Summary Judgment. *See* ECF No. 94.

Finally, the Court again emphasizes Magistrate Judge Patti's findings in denying Defendant's Motion to Compel Entry to the Bathroom of Room 239. ECF No. 89. In his Order, Magistrate Judge Patti determined that allowing a new inspection "would be prejudicial" to Plaintiffs. *Id.* at PageID.5195. Defendant does

not give the Court any reason to doubt Magistrate Judge Patti's conclusion in the instant Motion.

Accordingly, the Court finds that an extension of discovery in this case would unduly prejudice Plaintiffs moving forward. In light of this conclusion, the Court determines that it need not address Plaintiffs' argument as to excusable neglect under Federal Rule of Civil Procedure 6(b)(1).[3]

### V. CONCLUSION

For the reasons articulated above, the Court will **DENY** Defendant's Motion to Extend Discovery [#98].

**IT IS SO ORDERED**.

Dated: March 24, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
March 24, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

---

[3] The Court also denotes that other courts within this District did not address Federal Rule of Civil Procedure 6(b)(1) in their conclusions to deny similar motions to extend discovery. *See, e.g.*, *IUOE Local 324 Ret. Tr. Fund v. LGC Glob. FM, LLC*, No. 17-13921, 2020 WL 486817 (E.D. Mich. Jan. 30, 2020); *Jubran v. Coors*, No. 10-cv-11374, 2012 WL 13161947 (E.D. Mich. Oct. 4, 2012).